IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARYSTA LIFESCIENCE NORTH AMERICA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AXSS USA, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 08-120-GMS<br>)<br>)<br>)<br>)<br>) |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Axss USA, LLC ("Axss") hereby responds to Plaintiff's Complaint as follows:

## THE PARTIES

1. Axss is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore, denies the same.

2. Axss admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Axss admits that plaintiff's Complaint purports to state a claim for infringement of a patent and that 28 U.S.C. § 1331 and 1338(a) confer jurisdiction in a United States District Court.

4. Axss admits that venue is proper in this District.

## COUNT FOR PATENT INFRINGEMENT

5.  Axss admits that United States Patent No. 5,705,648 entitled "Mepiquat Chloride" was issued on January 6, 1998. Axss is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.  Axss admits that it purchases mepiquat chloride from Chinese manufacturers. Axss denies each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7.  Axss denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.  Axss denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  Axss denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Axss denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Axss denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Axss denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

WHEREFORE, having fully answered, Axss prays for judgment in its favor and against plaintiff, that plaintiff take nothing by reason of its Complaint and that Axss be

awarded its costs and fees to the fullest extent permitted by law, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. None of Axss' activities or products have infringed upon any valid and enforceable claim of plaintiff.

3. Axss has not infringed and is not currently infringing any claim of United States Patent No. 5, 705,648.

4. Axss asserts that the claims of the plaintiff are barred by the doctrines of laches and estoppel.

5. Axss reserves the right to assert such other affirmative defenses as may arise in discovery.

## COUNTERCLAIM

For its Counterclaim against plaintiff, Axss states and alleges as follows:

1. This action for a declaration of patent invalidity and non-infringement arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). In addition, because there are now claims pending before this Court that involve substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the parties because Axss is incorporated in this state and plaintiff has submitted to this Court's jurisdiction by filing its Complaint for patent infringement herein.

4. Venue is proper in this district because Axss is headquartered in this district and plaintiff has consented to venue in this Court by filing its Complaint in this district.

5. Plaintiff claims all right, title and interest in United States Patent No. 5,705,648.

6. Axss is a Delaware corporation with its principal place of business in the State of Missouri.

7. In its Complaint, plaintiff has alleged that Axss has infringed patent rights of plaintiff. Axss has denied these allegations.

8. Axss has not infringed and does not infringe United States Patent No. 5,705,648.

9. Axss is entitled to a declaratory judgment that it has not infringed United States Patent No. 5,705,648.

10. An actual controversy exists between plaintiff and Axss concerning whether Axss has infringed patent rights of plaintiff and the enforceability, infringement, and validity of the patent rights of plaintiff.

11. Absent a declaration that the patent rights of plaintiff are not infringed, plaintiff will continue to wrongly assert patent rights against Axss, thereby damaging Axss.

12. Accordingly, Axss is entitled to a declaratory judgment against plaintiff concerning Axss' non-infringement and the absence of any basis for plaintiff to continue to assert its patent rights against Axss.

## PRAYER FOR RELIEF

WHEREFORE Axss requests the following relief:

(a) Dismiss plaintiff's Complaint with prejudice;

(b) Enter judgment in favor of Axss on all claims;

(c) Declare that Axss has not infringed and does not infringe United States Patent No. 5,705,648;

(d) Award Axss the costs of this action, attorneys' fees, and such other and further relief as the Court deems just and proper.

Of counsel:

Sandra J. Wunderlich
Stinson Morrison Hecker LLP
100 South Fourth Street, Suite 700
St. Louis, MO 63102
(314) 259-4560
swunderlich@stinson.com

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendant Axss USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

I hereby certify that on March 24, 2008, I have sent by Federal Express the foregoing document to the following non-registered participants:

L. Neal Ellis, Jr.
Robert C. Van Arnam
Hunton & Williams LLP
One Bank of America Plaza
421 Fayetteville Street, Suite 1400
Raleigh, NC 27601

Dr. Estelle Tsevdos
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY 10166-0005

Anne Shea Gaza (#4093)